45

IN THE CIRCUIT COURT
SAINT LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

2014 MAR 17 ᴀᴍ 8:44

| | |
|---|---|
| **Roosevelt Taylor,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 14SL-AC08129 |
| v. | ) |
| | ) Division 31W |
| **MediCredit, Inc.,** | ) |
| | ) |
| Serve at: | ) |
| STK REGISTERED AGENT, INC. | ) |
| 120 W. 12th ST, STE 1800 | ) |
| KANSAS CITY, MO 64105 | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Roosevelt Taylor, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq.*

2. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3. Plaintiff demands a trial by jury on all issues so triable.



## JURISDICTION

4. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendant placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in St. Louis County, Missouri.

5. This Court has jurisdiction of the FDCPA claim under 15 USC § 1692k (d) because the illicit collection activity was directed at Plaintiff in St. Louis County, Missouri.

## PARTIES

6. Plaintiff is a natural person currently residing in St. Louis County, Missouri.

7. Defendant is a Missouri corporation with its principal place of business in St. Louis, MO. Defendant's principal business purpose is payment processing and debt collection for the health services industry in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

### *Telephone Consumer Protection Act*

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

9. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

10. The Defendant at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

11. The Defendant at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

12. At all times relevant to this complaint, the Defendant has used, controlled, and/or

operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

13. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### *Fair Debt Collection Practices Act*

14. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

15. Specifically, Plaintiff believes the alleged debt arose from a utility account with Ameren Missouri.

16. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

### **FACTS**

17. Within one year immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on numerous occasions and left pre-recorded messages on the Plaintiff's answering service in violation of the TCPA and FDCPA.

18. On or about August 5, 2013, Defendant began attempts to collect a debt allegedly owed by Plaintiff to the original creditor, Ameren Missouri. In its attempt to collect this debt, Defendant made numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number, (XXX) XXX-5624.

19. Plaintiff had provided his cellular telephone number, (XXX) XXX-5624 as the primary contact phone number in the original contract agreement with Ameren.

### *Cease and Desist Demand Ignored*

20. On September 30, 2013, Plaintiff called Defendant and informed Defendant that he had never consented to automated or prerecorded telephone calls from Defendant on his cellular telephone.

21. Plaintiff also explicitly revoked any permission or consent Defendant may have ever had to call his cellular telephone number (XXX) XXX-5624 and instructed Defendant to never call his cellular telephone ever again.

22. At the end of the phone call, Defendant made a notation of Plaintiff's clear revocation of consent to receive calls on Plaintiff's cell phone, and Defendant agreed to cease all further calls to Plaintiff's cell phone.

23. However, Defendant blatantly ignored Plaintiff's cease and desist demand, and continued to call Plaintiff using an automatic telephone dialing system and a pre-recorded and/or synthesized voice to leave messages on Plaintiff's phone without Plaintiff's consent.

24. Specifically, Plaintiff received twelve such pre-recorded and/or synthesized phone calls and voice messages from Defendant's automatic telephone dialing system dating from December 6, 2013 to January 11, 2014.

25. On these voice messages, Plaintiff heard a pre-recorded artificial voice message from Defendant telling Plaintiff to return the call and leaving a reference toll free number.

26. On or about December 13, 2013, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system and left a voice message from a live person. In the message, Defendant failed to identify itself as a debt collector, in violation of 15 U.S.C. §1692e(11), which requires debt collectors to disclose in subsequent communications that the communication is from a debt collector.

27. On or about January 13, 2013, Defendant again called Plaintiff's cellular telephone using an automatic telephone dialing system and spoke with Plaintiff.

28. Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

29. Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

30. These fourteen automated telephone dialing system calls were made to Plaintiff's cellular phone and he was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

31. Defendant's use of a prohibited means of telecommunications violated the FDCPA, 15 U.S.C. §1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

32. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

## COUNT I: VIOLATION OF THE TCPA

33. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

34. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

   a. Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A) (iii).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE FDCPA

35. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

36. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. 1692 et. Seq., including, but not limited to, the following:

   a. Engaging in unfair practices in an attempt to collect a debt. 15 U.S.C. §1692f.

   b. Failing to disclose in a subsequent communication that the communication is from a debt collector. 15 U.S.C. §1692e(11).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Judgment that Defendant's conduct violated the FDCPA;

   B. Actual damages;

   C. Release of the alleged debt;

   D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

   E. For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello Law, LLC

Dominic M. Pontello, #60947
Attorney for Plaintiff
5988 Mid Rivers Mall Dr., Suite 112
St. Charles, MO  63304
(636) 541-7673
(636) 441-6881 facsimile

# In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

Plaintiff/Petitioner: ROOSEVELT TAYLOR

Date: 3/17/2014

vs.

Defendant/Respondent: MEDICREDIT, INC.

Case Number: _____

Division: _____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now **ROOSEVELT TAYLOR** (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Name of Process Server: Michael Siegel, Kansas City Process Service
Address: _____
Telephone: _____

Name of Process Server: PO Box 717, Smithville, MO 64089
Telephone: (816) 217-3329

Name of Process Server: _____
Address or in the Alternative: _____
Telephone: _____

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE: MEDICREDIT, INC
STK REGISTERED AGENT
Name
120 W. 12th St, Ste 1800
Address
Kansas City, MO 64105
City/State/Zip

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

By _____ Deputy Clerk

Date: 3/20/14

Attorney/Plaintiff/Petitioner: Domenic Pontello, # 60947
Bar No.
Address: 5988 Mid Rivers Mall Dr, Ste 112
St Peters, MO 63304
Phone No.: (636) 541-7673
Fax No.: (636) 441-6281

CCADM62    Rev. 03/06    WHITE – File    YELLOW-Special Process Server    PINK - Attorney/Petitioner

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" form which may be obtained from the Office of the Circuit Clerk.

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MARY ELIZABETH OTT | Case Number: 14SL-AC08129 |
|---|---|
| Plaintiff/Petitioner:<br>ROOSEVELT TAYLOR<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DOMINIC M. PONTELLO<br>PONTELLO LAW, LLC<br>SUITE 112<br>5988 MIDRIVERS MALL DRIVE<br>ST. CHARLES, MO 63304<br>(636) 541-7673 |
| Defendant/Respondent:<br>MEDICREDIT INC | Date, Time and Location of Court Appearance:<br>07-MAY-2014, 09:00 AM<br>DIVISION 31W |
| Nature of Suit:<br>AC Other Tort | ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |

(Date File Stamp)

## Associate Division Summons

The State of Missouri to: MEDICREDIT INC
Alias:
120 W 12TH ST STE 1800
STK R/A INC
KANSAS CITY, MO 64105

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

COURT SEAL OF

ST. LOUIS COUNTY

_____ Date      _____ Clerk

Further Information:
HS

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____ (address)
Served at _____
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server      _____ Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____ Date      _____ Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (____ miles @ $____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM20 (ADSM) *For Court Use Only*: **Document ID# 14-ADSM-6594**   1   517.041 RSMo